UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL GLICKSTEIN; G ASSET
MANAGEMENT,

                              Plaintiffs,

                    -against-

DAVID LESSER; MILLENNIUM
INVESTMENT & ACQUISITION COMPANY,
INC.,

                              Defendants.

20-CV-4233 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

        Plaintiff, appearing *pro se*, brings this action under Court's diversity jurisdiction, 28

U.S.C. § 1332, alleging "loss of compensation from intellectual property." By order dated

August 10, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees,

that is, *in forma pauperis* (IFP). For the reasons set forth in this order, the Court dismisses the

action, but grants Plaintiff thirty days' leave to replead his claims.

## STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

        While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Michael Glickstein, a New York resident, invokes the Court's diversity jurisdiction and brings this action against David Lesser, who is a New York resident, and Millennium Investment & Acquisition Company, Inc., which Plaintiff asserts is incorporated under the laws of the State of New York. Plaintiff lists an Old Bethpage, New York address for Defendants. The following allegations are taken from the complaint, which is confusing and appears to be incomplete.

Plaintiff alleges that the events giving rise to his claims occurred in 2015, in New York, New York. Plaintiff is President and Chief Investment Officer of G Asset Management, LLC,

"an investment firm focused on value-oriented public entities, special situation investing and real estate." (ECF No. 2 at 5.) Plaintiff asserts that "[b]ased on his ability to invest in a contrarian manner and understand cycles, Mr. Glickstein formed G Value Fund in January 2009 to take advantage of depressed public equity prices, including publicly traded real estate securities." (*Id.*) He further asserts that he "has been a frequent speaker on the topics of value investing, real estate, and the capital cycle investment framework and has presented at Columbia Business School (Security Analysis Course), the NYU Stern School of Business and Skidmore College. In addition, his views and research have been cited in various media outlets, including the Financial Times (Jan. 2009), Barron's (July 2011), and Bloomberg (Sept. 2011)." (*Id.*) After describing his professional and educational backgrounds, the complaint describes the following interactions between Plaintiff and Defendants:

> I met David Lesser because he was CEO and Chairman of a micro cap reit, called Power REIT. We were either invested in or interested in investing in. I was very impressed with his background, which included him being seeded by a legendary investor, as well as extensive real estate experience, including shareholder value creation. However, unfortunately, I learned he was not as good as advertised and is actually a corrupt businessman.
>
> Given my background as described extensively above, I viewed Mr. Lesser as an ultra-high net worth investor, who was a pro and sophisticated enough for top investment ideas that me and my team might come up with, so I convinced him to say that if we gave him an idea that he liked, he would be an investor of mine/my company, something I very much wanted since he was an ideal potential client at the time.
>
> I don't believe my first investment idea to him was a yes for his investment and I don't believe it is easy to get an idea into his or anybody's portfolio for that matter, but we were able to find an idea that was a fit for his liking. It was a micro cap shell company play, trading at less than half its estimated intrinsic value, which owned a minority stake in an Indian Financial company. Therefore, it was an inexpensive and attractive way to access a shell company, which could be used for other purposes and often trade for material values. Therefore, it was a special opportunity, in our view.
>
> Through a small investment bank my company worked with, we were introduced to the top shareholder in the company, who owned approx. 17% of this stock, but

> it was a very small investment for them, so they were looking to either partner
> with David (who I brought to the meeting) and I or sell there stake to us.
>
> Basically David went around me purchased 17% of the company at least cut me
> out of the deal got elected to . . ..[1]

(*Id.* at 6.)

Plaintiff describes his injuries as "[t]he loss of compensation from intellectual property."

(*Id.*) In the section of the complaint form intended for a description of the relief sought by the

plaintiff, Plaintiff writes,

> We (my company) G Asset Management and I, Michael Glickstein, would like
> money damages of $3,000,000. This reflects the loss of CEO pay I deserved for
> finding the deal, board membership pay and entity pay on an npv basis, pay for
> getting David Lesser a management role and board seat and compensation there,
> plus how this would have benefitted my other business interests positively
> potentially given improved personal and company profitability. We are asking for
> 50% of profits David Lesser makes from his extensive holdings on the company
> (public information on it was hard to track down via the usual sources it is
> available, but we believe he personally is the company's largest shareholder) and
> 50% of all legal fees his wife's law firm makes from representing the company,
> 50% of all payments he makes (including his past and future administration
> profits), 50% of any payments he receives as CEO and as head of the carbon unit,
> which is currently totaling $240,000 annually in base compensation on a back pay
> basis and a forward pay basis as well, so we can get out of the deal and be paid off
> and don't need to be involved with such a scum bag. That said, if we had to stay
> involved to collect some of our owed fees, we would do so and do so
> professionally as long as he acted as the court ordered. We know he is liquid
> enough to pay the $3,000,000 in cash right away after we win . . ..[2]

(*Id.*)

## DISCUSSION

### A.   Subject Matter Jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth

generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available

---

[1] The rest of the sentence and any remaining allegations are missing.

[2] This section of the complaint also appears to be incomplete.

only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

**B.      Diversity Jurisdiction**

To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff invokes the Court's diversity jurisdiction, but he fails to allege facts demonstrating that the Court has diversity jurisdiction over this action. Plaintiff is a citizen of New York State. He alleges that David Lesser is also a resident of New York State, and that Millennium Investment & Acquisition Company, Inc., is incorporated under the laws of the State of New York. Because complete diversity of citizenship is lacking, the Court lacks diversity jurisdiction over Plaintiff's claims.

## C.      Federal Question Jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff does not invoke the Court's federal question jurisdiction, and he fails to allege any facts suggesting that he can assert a federal claim.

## D.      Claims on Behalf of G Asset Management

The Court must dismiss G Asset Management's claims. An association or other artificial entity, such as G Asset Management, cannot appear *pro se* in federal court; it can only appear with an attorney. *See, e.g., Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202-03 (1993) (noting that courts do not allow corporations, partnerships, associations, and other "artificial entities" to appear in court without an attorney); *Eagle Assocs. v. Bank of Montreal*, 926 F. 2d 1305, 1308-10 (2d Cir. 1991).

Moreover, as a *pro se* litigant, Plaintiff Glickstein cannot act on behalf of another. *See U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." (internal quotation marks and citation omitted)); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir.

1998) ("[B]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause.").

Plaintiff does not assert that he is an attorney. The Court therefore dismisses G Asset Management's claims without prejudice.

## E.     Litigation History

Between May 18, 2020, and June 26, 2020, Plaintiff filed seven other *pro se* cases in this District in which he asserts similar claims against other defendants. Most cases have been dismissed for lack of subject matter jurisdiction, but in some cases, the Court granted Plaintiff leave to replead. *See Glickstein v. Klein*, ECF 1:20-CV-4934, 5 (S.D.N.Y. Aug. 5, 2020) (dismissing action for lack of subject matter jurisdiction); *Glickstein v. Pensam Capital*, ECF 1:20-CV-4932, 5 (S.D.N.Y. Aug. 10, 2020) (dismissing action for lack of subject matter jurisdiction with leave to replead); *Glickstein v. Pfeffer*, ECF 1:20-CV-4930, 2 (S.D.N.Y. filed June 25, 2020) (pending); *Glickstein v. Johnson*, ECF 1:20-CV-4161, 5 (S.D.N.Y. Aug. 11, 2020) (dismissing action for lack of subject matter jurisdiction with leave to replead); *Glickstein v. Nadler*, ECF 1:20-CV-4058, 5 (S.D.N.Y. June 30, 2020) (dismissing action for lack of subject matter jurisdiction with leave to replead); *Glickstein v. Bulsara*, ECF 1:20-CV-3897, 5 (S.D.N.Y. Aug. 6, 2020) (dismissing action for lack of subject matter jurisdiction and for failure to state a claim on which relief may be granted); *Glickstein v. AB InBev*, ECF 1:20-CV-3845, 2 (LLS) (S.D.N.Y. June 25, 2020) (dismissing action for lack of subject matter jurisdiction and for failure to state a claim on which relief may be granted).

## LEAVE TO REPLEAD

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). The Court is doubtful that Plaintiff can cure the deficiencies in the complaint, but because the complaint appears to be incomplete, the Court grants Plaintiff thirty days' leave to replead his claims.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. Plaintiff's amended complaint must also plead facts establishing that this Court has subject matter jurisdiction over his claims.

To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to

relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

<strong>CONCLUSION</strong>

Plaintiff has consented to receive electronic service of Court filings. (ECF No. 3.)

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Clerk of Court is instructed to hold this matter open on the docket until a civil judgment is entered.

The Court grants Plaintiff thirty days' leave to replead his claims. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within thirty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-4233 (LLS). An Amended Complaint form is attached to this order. If Plaintiff fails to submit an amended complaint within the time allowed and does not show good cause to excuse such failure, the Court will enter a civil judgment consistent with this order and direct the Clerk of Court to terminate this matter.

SO ORDERED.

Dated:    September 8, 2020
              New York, New York

                                                              _Louis L. Stanton_
                                                              Louis L. Stanton
                                                              U.S.D.J.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

\_\_\_\_\_CV_____
(Include case number if one has been assigned)

-against-

**AMENDED**

**COMPLAINT**

_____

_____

_____

_____

Do you want a jury trial?
☐ Yes    ☐ No

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
              (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                   (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

First Name               Middle Initial       Last Name

Street Address

County, City                       State           Zip Code

Telephone Number             Email Address (if available)

Page 3

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                         Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                         State                 Zip Code

Defendant 2: _____

First Name                         Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                         State                 Zip Code

Defendant 3: _____

First Name                         Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                         State                 Zip Code

Defendant 4:

_____

First Name                           Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                         State                  Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 5

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| First Name | Middle Initial | Last Name |
|---|---|---|

Street Address

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.